**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | <> |
| | <> |
| v. | <> Case No.: 2:06-cr-103-WKW |
| | <> |
| ANGELA D. ARMSTRONG | <> |

**EX PARTE MOTION FOR AN**
**INDEPENDENT MENTAL EXAMINATION**

**COMES NOW** Defendant Angela Armstrong, by and through her undersigned counsel, pursuant to 18 U.S.C. 4243, filing this Ex Parte motion in support of Defendant Armstrong's need for an independent mental evaluation. Defendant Armstrong declares the following:

1. Defendant Armstrong is currently awaiting a competency hearing in this matter.

2. In Ake v. Oklahoma, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985), the United States Supreme Court ruled that,

"[…W]hen a defendant demonstrates to the trial judge that his sanity at the time of the offense is to be a significant factor at trial, the State must, at a minimum, assure the defendant access to a competent psychiatrist who will conduct an appropriate examination [sic] and assist in evaluation, preparation, and presentation of the defense."

Ake, 470 U.S. at 83, 105 S.Ct. at 1096. See also Granviel v. Texas, 495 U.S. 963, 110 S.Ct. 2577, 109 L.Ed.2d 758 (1990).

In Messer v. Kemp, 831 F.2d 946 (1987), the United States Court of Appeals for the Eleventh Circuit held that,

"A defendant must demonstrate something more than a mere possibility of assistance from a requested expert.…[A] defendant must show the trial court that there exists a reasonable probability that an expert would be of assistance to the defense and that denial of expert assistance would result in a fundamentally unfair trial."

Messer, 831 F.2d at 959

3. Based on his information and belief, undersigned counsel asserts that Defendant Angela Armstrong is now incapable of adequately assisting undersigned counsel, to the degree mandated by the United States Constitution.

4. This Honorable Court, at Defendant Armstrong's request, has continued Defendant's trial in order to obtain an accurate psychological evaluation of her mental defects.

5. The United States Bureau of Prisons has erroneously applied the relevant legal standards, in its evaluation of Defendant Armstrong's mental condition.

6. Defendant Armstrong's belief in the need for such assistance has been based on her counsel's review of Dr. Lisa Hope's report, on behalf of the United States government. Defense Counsel's opinion has been based, even more significantly, on his conversation with Dr. David Ghostley, a licensed psychologist. Dr. Ghostley, a recognized expert in his field, has previously testified in this Court. Dr. Ghostley's preliminary review has indicated that Dr. Hope's premise is materially inconsistent with her conclusions.

7. In addition, counsel's direct conversations and observations of Defendant Armstrong's mental defects contradict the conclusions of the government's psychologist.

8. Defendant Armstrong's undersigned counsel has met with Defendant four times while she has been in custody. Defendant's counsel has not been able to

meet with her on four other dates, after traveling to the Autauga County Detention Center. Two of these occasions were before her evaluation by the government's psychologist. Two have been after. Each of these four times, Counsel's inability to meet with Defendant Armstrong has been due to her irrational behavior. This has included, but has not been limited to, her placement on a suicide watch by an emergency room physician following a seizure, as well as oral and physical misunderstandings with law enforcement officers.

For all of the above reasons, Defendant Angela Armstrong's counsel believes that sufficient grounds exist to cause legitimate concern, relative to Defendant Armstrong's mental defects.

**WHEREFORE,** Defendant Angela Armstrong respectfully petitions this Honorable Court to **GRANT** this relief, to-wit an independent psychological evaluation.

RESPECTFULLY SUBMITTED THIS 28th DAY OF FEBRUARY, 2008

*/s/ I.M. (Mike) Winter, Jr.*
I.M. (Mike) Winter, Jr. (WIN036)
Attorney For Ms. Angela D. Armstrong

Suite 300-A, 300 Water Street
Montgomery, Alabama  36104
(334)263-5787
MikeWinter@WinterLegal.net

## **CERTIFICATE OF NO SERVICE**

I hereby certify that I have not served this motion upon Mr. Christopher Snyder, Esquire, Assistant United States Attorney, for the United States of America, because Defendant Angela Armstrong has filed this motion with an Ex Parte designation.

DONE THIS 28th DAY OF FEBRUARY, 2008

*/s/ I.M. (Mike) Winter, Jr.*
_____
**I.M. (Mike) Winter, Jr.**  (WIN036)
Attorney For Ms. Angela D. Armstrong

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | <> |
| | <> |
| v. | <> Case No.: 2:06-cr-103-WKW |
| | <> |
| ANGELA D. ARMSTRONG | <> |

## ORDER

Upon consideration of Defendant Angela Armstrong's Ex Parte Motion for an Independent Mental Evaluation, I hereby **ORDER** that this motion is due to be, and hereby is, **GRANTED**. The cost of transportation, subsistence, and professional fees for Dr. David Ghostley shall be paid by the United States government.

DONE THIS _____ DAY OF FEBRUARY, 2008

_____
**Honorable Charles Coody**
United States Magistrate Judge