# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | <> |
| | <> |
| v. | <> Case Number: 2:06-cr-103- |
| | <> WKW-CSC |
| | <> |
| ANGELA D. ARMSTRONG | <> |

## MOTION TO ISSUE A SUBPOENA DUCES TECUM

**COMES NOW** Defendant Angela Armstrong, by and through her undersigned counsel, hereby petitioning this Honorable Court to **GRANT** this motion and to **ISSUE** a subpoena duces tecum compelling Dr. Lisa Hope, the Metropolitan Detention Center in Los Angeles, California (hereafter MDC), and the United States Bureau of Prisons to disclose the information specified in the attached interrogatories. Per Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354 (2004), Defendant Armstrong must have this material in order to Constitutionally and adequately cross-examine Dr. Hope at Defendant's competency hearing. Defendant declares:

1. This Honorable Court, on undersigned counsel's unopposed motion, ordered a mental evaluation for Defendant Armstrong. Dr. Lisa Hope of the Metropolitan Detention Center in Los Angeles, California conducted this examination over the course of approximately three months.

2. Dr. Hope was not able to complete her evaluation of Defendant Angela Armstrong by two separate target dates, which she explicitly attributed to her "overwhelming"

This document was created using Solid Converter PDF  To remove this message, purchase the product at www.SolidPDF.com

caseload in two separate conversations with undersigned counsel. These conversations took place on November 27, 2007, and December 12, 2007.

3. In fact, contrary to this Court's mandate, Dr. Hope's report to this Court was not submitted -- nor was Defendant Armstrong returned to this jurisdiction -- for approximately one month after this Court's deadline.

4. Dr. Hope did finally draft her conclusions as to Defendant Armstrong's mental capacity in a report dated January 14, 2008, and posted to undersigned counsel approximately one week after that.

5. Dr. Hope offered her opinion that "there was no objective information or evidence to indicate that Ms. Armstrong suffers from a major mental disorder…that would impair her present ability to understand the nature and (sic) consequences of the court proceedings against her, or her ability to properly assist counsel in her defense.". (Page 24)

6. Due to the significant contradictions between some of the statements in the first 23 pages of her report, as opposed to the conclusion on page 24, Defendant's undersigned counsel moved this Honorable Court to appoint an independent, non-government psychologist, along with the necessary compensation for such psychologist, on January 28, 2008.

7. Consistent with the United States Supreme Court's decision in <u>Crawford</u>, supra; Defendant's counsel needs these materials to Constitutionally and adequately cross-examine Dr. Hope, who appears to be the only witness -- in fact the only source of evidence -- contradicting Defendant Armstrong's actual mental incapacity.

8. This Honorable Court denied Defendant Armstrong's above-referenced motions on March 6, 2008.

9. Since March 6th, Defendant Armstrong's undersigned counsel has learned additional facts that mandate his access to the material specified in his attached interrogatories.

This document was created using SOLID CONVERTER PDF   To remove this message, purchase the product at www.SolidPDF.com

10. For these same reasons, Defendant's counsel is also filing a renewed motion for the appointment of an independent, non-government psychologist.

11. In Defendant Armstrong's parallel motions seeking an independent evaluation from a psychologist not paid by the same government prosecuting her, Defendant suggested the appointment of Dr. David Ghostley. Dr. Ghostley is a Board-certified professional, with an impeccable reputation. He has been appointed in his professional capacity on several occasions by the District Courts for the Middle District of Alabama. He has regularly testified, and has had his evaluations accepted by, the Courts of this jurisdiction.

12. Strong evidence, very strong evidence, of Dr. Ghostley's character has been established by his willingness to analyze Dr. Hope's deficient report at no cost to this Defendant or to this Court.

13. Dr. Ghostley's uncompensated written analysis has been recently received by undersigned counsel. Subsequent thereto, counsel has researched the meaning of Dr. Ghostley's analytical terms and conclusions, with which he is still only partially conversant. Counsel has also extensively researched the legal precedents for this necessary relief.

14. Dr. Ghostley has identified multiple flaws in Dr. Hope's report. These analytical failures significantly compromise this Court's understandable intention to rely on Dr. Hope's conclusions, relative to this Defendant.

15. Defendant's counsel has summarized Dr. Ghostley's analysis, in pertinent part, below.

16. Dr. Ghostley has noted that evidence contained in Dr. Hope's own report suggests that Ms. Armstrong suffers from a depressive disorder or a mood disorder, in addition to the substance abuse issues and the personality disorder that she has diagnosed. Notably, and contrary to the basis of Dr. Hope's conclusion, Ms. Armstrong has been diagnosed

This document was created using Solid Converter PDF    To remove this message, purchase the product at www.SolidPDF.com

and treated by a physician with 38-years of medical practice for a depressive disorder for many years. Dr. Joe Howell has prescribed the antidepressant narcotic Zoloft, as well as the anxiolytic narcotic Xanax.

17. In addition, per Dr. Hope's evaluation, **"Ms. Armstrong was prescribed psychoactive medication while at the MDC-LA." More specifically, she was prescribed Trazadone[,] which is a sedative-antidepressant. Of course, psychiatrists do not prescribe medication without cause."** (emphasis added)

18. While Ms. Armstrong was a resident at the MDC, she exhibited signs of elevated mood contrasted by periods of depressed mood. At times, she was suicidal. She also reported auditory hallucinations while at MDC. All this indicates that she suffers from another AXIS I disorder.

19. Ms Armstrong has had at least three other suicidal events since she was transferred to the Autauga County Detention Facility. She has required transportation to the emergency room at the Prattville General Hospital, and/or been placed on a suicide watch, at least three times.

20. Ms. Armstrong has been diagnosed with Borderline Personality Disorder, which is widely regarded as one of the most challenging disorders to treat. The gravity of this disorder can be gleaned from this evaluation (See Paragraph 3 on Page 18 through Paragraph 2 on Page 20).

21. With regard to the forensic aspect of this evaluation, Dr. Ghostley has been disturbed by Dr. Hope's apparent omission of any credible judgment, relative to Defendant's diminished capacity.

22. Most importantly, Dr. Ghostley believes that the accuracy and the balance of Dr. Hope's report, as to Defendant Armstrong's capacity to Constitutionally and adequately assist her lawyer in the trial of her case, is probably unreliable. He has expressed his

This document was created using Solid Converter PDF. To remove this message, purchase the product at www.SolidPDF.com

expert opinion that her ability to testify in her own defense, should she be called upon to do so, may be un-Constitutionally compromised.

23. According to Dr. Hope's own evaluation, Defendant Armstrong has been consistently inconsistent. Ms. Armstrong's character pathology is likely to cause her to say and to do things based on her emotions, rather than logic. In doing so, her memory of fundamental facts may well be unconsciously distorted. She may be prone to irrationally and counter-productively respond out of spite, and/or the desire to convince different examiners of her good nature, and/or the desire to convince different examiners of her weak and evil nature.

24. Undersigned counsel would declare, based on meeting with Defendant on 12 occasions, as well as his observance of the behaviors noted above, that Defendant is more mentally deficient, and thus far more frustrating to her own interests, than any client that counsel has ever represented.

25. Counsel understands that Dr. Ghostley's expert analysis is based only on a review of Dr. Hope's report. Ironically, that alone establishes Defendant Armstrong's need for an independent psychological evaluation. In addition, the above reality has presented a "chicken and egg" conundrum. The validity of Dr. Ghostley's concerns can only be proven by his conducting an interview with Defendant, as well as a review of case materials, with which he has not had access.

26. Counsel accordingly specifies that adverse parties provide the data sought in the attached interrogatories.

27. Counsel further submits the attached memorandum, analyzing the applicable legal precedents in this matter.

28. Defendant notes that she has recited many, but not all, of the premises declared above, and is attaching her Memorandum of Applicable Legal Precedents to her Motion

to Appoint an Independent Psychologist as well, due its parallel application to both motions.

**WHEREFORE,** Defendant Angela Armstrong prays this Honorable Court to **GRANT** this Motion to Issue a Subpoena Duces Tecum in this case. Defendant Armstrong would further pray this Court to **ORDER** that the information requested be provided to undersigned counsel by April 9, 2008, so as to afford counsel the opportunity to review it prior to Defendant's competency hearing.

RESPECTFULLY SUBMITTED THIS 3rd DAY OF APRIL, 2008

*/s/ I.M. (Mike) Winter, Jr.*
**I.M. (Mike) Winter, Jr.** (WIN036)
Attorney For Ms. Angela D. Armstrong

Suite 300-A, 300 Water Street
Montgomery, Alabama 36104
(334)263-5787
MikeWinter@WinterLegal.net



# CERTIFICATE OF SERVICE

I hereby certify that I have served this motion by electronic mail to Mr. Christopher Snyder, Esquire, Assistant United States Attorney, for the United States of America.

DONE THIS 3rd DAY OF APRIL, 2008

*/s/ I.M. (Mike) Winter, Jr.*
**I.M. (Mike) Winter, Jr.** (WIN036)
Attorney For Ms. Angela Armstrong

This document was created using Solid Converter PDF. To remove this message, purchase the product at www.SolidPDF.com