# UNITED STATES v. ANGELA ARMSTRONG: APPLICABLE LEGAL PRECEDENTS

**COMES NOW**, Defendant Angela Armstrong, by and through her undersigned counsel, respectfully reciting legal precedents relative to her Motion to Issue a Subpoena Duces Tecum, as well as her Third Renewed Motion to Appoint an Independent Psychologist, in this case.

In Bruce v. Estelle, 536 F.2d 1051, 1058-59 (5th Cir. 1976), the Fifth Circuit Court of Appeals, in a holding that is binding in this circuit as well, found that the burden is on the petitioner to prove his incompetency by a preponderance of the evidence. See also Lego v. Twomey, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972).

The "…'[T]est must be whether he [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding {--} and whether he has a rational as well as [a] factual understanding of the proceedings against him.'". Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788 (1960).

In Pate v. Robison, 383 U.S. 375,385 86 S.Ct. 836,842 (1966), the United States Supreme Court, affirming Illinois precedent, held that whenever bona fide doubt exists as to a criminal defendant's mental competency, a federal judge must order a competency hearing, even if necessitated by his own sua sponte motion. In this case, this Honorable Court did order such a hearing on Defendant Armstrong's counsel's motion, due to the significant evidence that this Defendant appeared to have exhibited conduct over an extended period of years consistent with a significant mental impairment.

This document was created using SOLID CONVERTER PDF    To remove this message, purchase the product at www.SolidPDF.com

This has been particularly true in terms of her ability to Constitutionally and adequately assist her lawyer if her best interest requires a trial.

In <u>Crawford v. Washington</u>, 541 U.S. 36, 124 S.Ct. 1354 (2004), the U.S. Supreme Court, in the case most binding on this case, ruled that, "The…Confrontation Clause…applies to 'witnesses' against the accused-in other words, those who 'bear testimony.'" 2 N. Webster, <u>An American Dictionary of the English Language</u> (1828). <u>Crawford,</u> supra, at 541 U.S. at 50, 124 S.Ct. at 1364. This Court further ruled that, "…[W]e once again reject the view that the Confrontation Clause applies of its own force only to in-court testimony.". <u>Crawford,</u> supra, at 541 U.S. at 50, 124 S.Ct. at 1364.

Finally, and most significantly, Justice Scalia, for a 7-member majority, ruled that:

<u>"Where testimonial statements are involved, we do not think the Framers meant to leave the Sixth Amendment's protection to the vagaries of the rules of evidence, much less to amorphous notions of "reliability." Certainly none of the authorities discussed above acknowledges any general reliability exception to the common-law rule. Admitting statements deemed reliable by a judge is fundamentally at odds with the right of confrontation. To be sure, the Clause's ultimate goal is to ensure reliability of evidence, but it is a procedural rather than a substantive guarantee</u> **. It commands, not that evidence be reliable, but that reliability be assessed in a particular manner: by testing in the crucible of cross-examination. The Clause thus reflects a judgment, not only about the desirability of reliable evidence (a point on which there could be little dissent), but about how reliability can best be determined. Cf. 3 Blackstone, Commentaries, at 373 ("This open examination of witnesses ... is much more conducive to the clearing up of**

This document was created using    SOLID CONVERTER PDF    To remove this message, purchase the product at www.SolidPDF.com

**truth"); M. Hale, History and Analysis of the Common Law of England 258 (1713)**

**(adversarial testing "beats and bolts out the Truth much better")** . (emphasis added) <u>Crawford</u>**,**

supra, at 541 U.S. at 61, 124 S.Ct. at 1370.

Sections 17(b) and 17(c) of the <u>Federal Rules of Criminal Procedure</u> provide that:

**"Defendant Unable to Pay.** Upon a defendant's ex parte application, the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense. If the court orders a subpoena to be issued, the process costs and witness fees will be paid in the  same manner as those paid for witnesses the government subpoenas.

**(c) Producing Documents and Objects.**

**(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may  direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them. "

Applying these rules in <u>Welsh v. United States</u>, 404 F.2d 414, 417-18 (1968), from the Southern District of Alabama, Judge Rives, for a unanimous  panel, reversed Welsh's conviction for fraudulent possession of another's negotiable instruments, finding that :

"The breadth of the discretion to be exercised by the trial court under <u>Rule 17(b)</u> is considerably narrowed by two constitutional rights of the defendant: (1) the Sixth Amendment right 'to have compulsory process for obtaining witnesses in his favor';  and (2) the Fifth Amendment right to protection against unreasonable discrimination which means that, as between those financially able and those financially unable to pay the fees of the witness, there should be no more discrimination than is necessary to protect against abuse of process. "

See <u>Taylor v. United States, 5 Cir. 1964, 329 F.2d 384, 386</u> .  See <u>Coppedge v. United States, 1962, 369 U.S. 438, 447, 82 S.Ct. 917, 8 L.Ed.2d 21;  Greenwell v. United States, D.C. Cir. 1963, supra note 8</u>; <u>Washington v. Clemmer, 1964, 119 U.S.App.D.C. 216, 339 F.2d 715, 718</u> .

"If the accused avers facts which, if true, would be relevant to any issue in the case, the requests for subpoenas must be granted, unless the averments are inherently incredible on their face, or unle ss the Government shows, either by introducing evidence or from matters already of record, that the averments are untrue or that the request is otherwise frivolous. "

See <u>Greenwell v. United States, 1963, 317 F.2d 108, 110.</u>

That test places the burden of showing frivolity or abuse of process on the Government,  [which is]


This document was created using SOLID CONVERTER PDF    To remove this message, purchase the product at www.SolidPDF.com

where it properly belongs. Both this Court in <u>Taylor v. United States, supra note 9,</u> and the D.C. Circuit in <u>Greenwell v. United States, supra note 8,</u> were dealing with <u>Rule 17(b)</u> before the 1966 amendment. As the notes of the Advisory Committee indicate, that amendment substantially liberalized the rule in favor of the defendant financially unable to pay the fees of the witness. <u>Coppedge v. United States, supra, 369 U.S. at 447, 448, 82 S.Ct. 917</u> . (footnotes omitted)

…

"Applying that test, Welsh was clearly entitled to a subpoena for Dr. Ewing. The witness resided in Mobile, the place of trial." <u>Welsh</u>, supra, at 418.

In this case, per <u>Welsh,</u> Defendant Angela Armstrong's indigency must not handicap her right to access the full measure of her Constitutional rights under the 6th Amendment's Confrontation Clause. In this case, Defendant Angela Armstrong avers facts that are undeniably relevant. In this case, Defendant Angela Armstrong seeks a psychological evaluation from Dr. Ghostley, whose office is in nearby Dothan, Alabama.

In the interest of not gilding the proverbial lily, Defendant Armstrong's counsel cites, but does not detail, other cases whose holdings are either not relevant to this case, or are cumulative. First, many of the cases cited below are premised on distinctly different facts. Second, the remainder use language consistent with the precedents cited above.

These cases include <u>U.S. v. Rinchack,</u> 820 F.2d 1557 (C.A.11 (Fla.) 1987); Dubberly<u> v. McDonough,</u> 2007 WL 628115 (N.D.Fla. February 23, 2007); Hodges<u> v. Secretary, Dept. of Corrections</u>, 2007 WL 604982 (M.D.Fla. February 22, 2007); <u>Drope v. Missouri</u>**,** 420 U.S. 162, 95 S.Ct. 896 (1975); <u>Provenzano v. Singletary</u>, 3 F.Supp.2d 1353 (M.D.Fla. 1997); and <u>Estelle v. Smith,</u>

This document was created using SOLID CONVERTER PDF    To remove this message, purchase the product at www.SolidPDF.com

451 U.S. 454, 101 S.Ct. 1866 (1981).

---

RESPECTFULLY SUBMITTED THIS 3 rd DAY OF APRIL, 2008

/s/ I.M. (Mike) Winter, Jr.

**I.M. (Mike) Winter, Jr.** (WIN036)
Attorney For Ms. Angela Armstrong


Suite 300-A, 300 Water Street
Montgomery, Alabama  36104
(334)263-5787
MikeWinter@WinterLegal.net

This document was created using SOLID CONVERTER PDF

To remove this message, purchase the product at www.SolidPDF.com