## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

2008 APR -8 A II: 15

| | |
|---|---|
| UNITED STATES OF AMERICA | <> |
| | <> |
| v. | <>  Case Number: 2:06- |
| | <>  cr-103-WKW-CSC |
| | <> |
| ANGELA D. ARMSTRONG | <> |

### MOTION TO RECONSIDER MOTION FOR AN
### INDEPENDENT FORENSIC PSYCHOLOGICAL
### EVALUATION

**COMES NOW** Defendant Angela Armstrong, by and through her undersigned counsel, and pursuant to 18 U.S.C. §4241, petitioning this Honorable Court to **GRANT** this Motion for an Independent Forensic Psychological Evaluation. Per Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354 (2004), Defendant Armstrong must have this independent evaluation in order to enable her counsel to adequately cross-examine Dr. Hope at Defendant's competency hearing. Dr. Hope has authored the forensic evaluation that is the foundation of the government's position that Defendant Armstrong is completely legally competent. In support of this motion, Defendant declares:

1. This Honorable Court, on undersigned counsel's unopposed motion, ordered a mental evaluation for Defendant Armstrong. Dr. Lisa Hope of the Metropolitan Detention

Center in Los Angeles, California (hereafter MDC-LA) conducted this examination over the course of approximately three months.

2.  Dr. Hope was not able to complete her evaluation of Defendant Angela Armstrong by two separate target dates, which she attributed to her "overwhelming" caseload in two separate conversations with undersigned counsel. These conversations took place on November 27, 2007, and December 12, 2007.

3.  In fact, contrary to this Court's mandate, Dr. Hope did not submit her report -- nor did she release Defendant to be returned to this jurisdiction -- until approximately one month after this Court's deadline.

4.  Dr. Hope did finally draft her conclusions as to Defendant Armstrong's mental capacity in a report dated January 14, 2008, but not posted to undersigned counsel until one week later.

5.  Dr. Hope offered her opinion that "there was no objective information or evidence to indicate that Ms. Armstrong suffers from a major mental disorder…that would impair her present ability to understand the nature and (sic) consequences of the court proceedings against her, or her ability to properly assist counsel in her defense.". (Page 24)

6.   Due to the significant contradictions between some of the statements in the first 23 pages of her report, as opposed to the conclusion on page 24, Defendant's undersigned counsel moved this Honorable Court to appoint an independent, non-government psychologist, along with the necessary compensation for such psychologist, on January 28, 2008.

7.   This Honorable Court denied Defendant Armstrong's above-referenced motions on March 6, 2008.

8.   Dr. Hope appears to be the only witness -- in fact the only source of evidence -- contradicting Defendant Armstrong's actual mental incapacity.

9.   Since March 6th, Defendant Armstrong's undersigned counsel has learned additional facts that mandate counsel's access to the independent evaluation requested in this motion.

10.   In Defendant Armstrong's prior motion seeking an independent evaluation, Defendant proposed the appointment of Dr. David Ghostley.   Dr. Ghostley is a Board-certified professional, with an impeccable reputation.   He has been appointed in his professional capacity on several occasions by the District Courts for the Middle District of Alabama. He has regularly testified, and had his evaluations accepted by, the Courts of this jurisdiction.

11. Dr. Ghostley's professional office is located at 103 West Southport; Dothan, Alabama 36301. His telephone number is (334)669-1620.

12. Dr. Ghostley has now analyzed Dr. Hope's report at no cost to this Defendant or to this Court.

13. Undersigned counsel has only recently received Dr. Ghostley's written opinion. Subsequent thereto, counsel has researched the meaning of Dr. Ghostley's analytical terms and conclusions, with which he is still not completely conversant. Counsel has also extensively researched the legal precedents for this necessary relief.

14. Dr. Ghostley has identified multiple flaws in Dr. Hope's report. These inconsistencies significantly compromise this Court's understandable intention to rely on Dr. Hope's conclusions.

15. Defendant's counsel has summarized Dr. Ghostley's analysis, in pertinent part, below.

16. Dr. Ghostley has noted that evidence contained in Dr. Hope's own report suggests that Ms. Armstrong suffers from a depressive disorder or a mood disorder, in addition to the substance abuse issues and the personality disorder that she diagnosed. Ms. Armstrong has been diagnosed, and has been treated, by a physician with 38 years of medical practice, for a depressive disorder for most of her life.

Dr. Joe Howell has prescribed the antidepressant narcotic
Zoloft, as well as the anxiolytic narcotic Xanax.

17.   In addition, per Dr. Hope's evaluation, **"Ms.
Armstrong was prescribed psychoactive medication while at
the MDC-LA." More specifically, she was prescribed
Trazadone which is a sedative-antidepressant. Of course,
psychiatrists do not prescribe medication without cause."**
(emphasis added)

18.   While Ms. Armstrong was a resident at the MDC-LA, she
exhibited signs of elevated mood contrasted by periods of
depressed mood. At times, she was suicidal. She also
reported auditory hallucinations while at MDC-LA. In Dr.
Ghostley's opinion, this indicates that she probably also
suffers from another AXIS I disorder.

19.   Ms. Armstrong has been diagnosed with Borderline
Personality Disorder, which is widely regarded as one of
the most challenging disorders to treat. The gravity of
this disorder can be gleaned from Dr. Hope's evaluation
(See Paragraph 3 on Page 18 through Paragraph 2 on Page
20).

20.   With regard to the forensic aspect of this
evaluation, Dr. Ghostley has been disturbed by Dr. Hope's
apparent omission of any credible judgment, relative to
Defendant's diminished capacity.

21. Most importantly, Dr. Ghostley believes that the accuracy and the balance of Dr. Hope's report, as to Defendant Armstrong's capacity to Constitutionally and adequately assist her lawyer in the trial of her case, is probably unreliable. He has expressed his expert opinion that her ability to testify in her own defense, should she be called upon to do so, may be un-Constitutionally compromised.

22. According to Dr. Hope's own evaluation, Defendant Armstrong has been consistently inconsistent. Ms. Armstrong's character pathology is likely to cause her to say and to do things based on her emotions, rather than logic. In doing so, her memory of fundamental facts may well be unconsciously distorted and soon after contradictory. She may be prone to respond irrationally and counter-productively out of spite, and/or the desire to convince different examiners of her good nature, and/or the desire to convince different examiners of her weak and evil nature.

23. Ms Armstrong has had at least two other suicidal events since she was transferred to the Autauga County Detention Facility. She has required transportation to the emergency room at the Prattville General Hospital, and/or been placed on a suicide watch, at least two times.

24. Undersigned counsel would declare, based on meeting
with Defendant on 12 occasions, as well as his observance
of the behaviors noted above, that Defendant is profoundly
incompetent in pursuing her own best interests.

25. Counsel understands that Dr. Ghostley's expert
analysis is based only on a review of Dr. Hope's report.
Ironically, that alone establishes Defendant Armstrong's
need for an independent forensic psychological evaluation.
In addition, the above reality has presented a "chicken and
egg" conundrum. The validity of Dr. Ghostley's concerns
can only be verified by having him conduct an interview
with Defendant Armstrong, as well as a review of her case
materials, with which he has not had access.

26. Defendant's counsel is also filing a motion for the
issuance of a subpoena duces tecum, incorporating the
premises declared above, because these premises constitute
a compelling basis for granting both types of relief.

27. Concomitantly, counsel is attaching his revised
Memorandum of Applicable Legal Precedents to this motion.

28. Counsel files this Motion as a successor motion to
Counsel's Third Renewed Motion for a Psychiatric Exam,
which this Court denied on April 4, 2008.

29. By filing this Motion, counsel petitions this Court
to reconsider its prior denial of this relief.

30.   Counsel notes that counsel has not opposed three consecutive motions for continuances by the United States Attorney's Office.

**WHEREFORE,** Defendant Angela Armstrong prays this Honorable Court to **GRANT** this Motion for an Independent Forensic Psychological Evaluation.   Defendant further prays this Court to **APPOINT** Dr. David Ghostley to conduct this evaluation.   Defendant finally prays that this Court **STAY** these proceedings until Dr. Ghostley has submitted his analysis to this Court.

RESPECTFULLY SUBMITTED THIS 7th DAY OF APRIL, 2008

I.M. (Mike) Winter, Jr. (WIN036)
Attorney For Ms. Angela Armstrong

Suite 300-A, 300 Water Street
Montgomery, Alabama   36104
(334)263-5787
MikeWinter@WinterLegal.net

## CERTIFICATE OF SERVICE

I hereby certify that I have served this motion by in-hand delivery, to Mr. Christopher Snyder, Esquire, Assistant United States Attorney, for the United States of America.

DONE THIS 7th DAY OF APRIL, 2008

**I.M. (Mike) Winter, Jr.** (WIN036)
Attorney For Ms. Angela Armstrong