IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | <> | |
| | <> | |
| v. | <> | Case Number: 2:06-cr-103- |
| | <> | WKW-CSC |
| | <> | |
| ANGELA ARMSTRONG | <> | |

**REVISED MEMORANDUM OF APPLICABLE LEGAL PRECEDENTS**

**COMES NOW,** Defendant Angela Armstrong, by and through her undersigned counsel, respectfully reciting legal precedents relative to her Motion For an Independent Forensic Psychological Evaluation and her Motion In Forma Pauperis for a Subpoena Duces Tecum.

In Bruce v. Estelle, 536 F.2d 1051, 1058-59 (5th Cir. 1976), the Fifth Circuit Court of Appeals found that the burden of proof is on the petitioner to prove his/her incompetency, by a preponderance of the evidence.  See also Lego v. Twomey, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972).

The fundamental and dispositive issue in this case is the mental capabilities of Defendant Angela Armstrong.  As stated by the U.S. Supreme Court, The "…'[T]est must be whether…[the defendant]…has sufficient present ability to consult with…[her]… lawyer with a reasonable degree of rational understanding [--] and whether he has

a rational as well as [a] factual understanding of the proceedings against him'". Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788 (1960).

In Pate v. Robison, 383 U.S. 375, 385 86 S.Ct. 836, 842 (1966), the U.S. Supreme Court held that whenever bona fide doubt exists as to a criminal defendant's mental competency, a federal judge must order a competency hearing, even if necessitated by the judge's own sua sponte motion. In this case, this Honorable Court did order such a hearing on Defendant Armstrong's counsel's motion. Since Defendant Armstrong has exhibited conduct over an extended period of years that has been consistent with a significant mental impairment, this issue is properly within the jurisdiction of this Court. Undersigned counsel, on information and belief, doubts Defendant's ability to Constitutionally and adequately assist counsel. For this reason, counsel's ability to conduct a meaningful cross-examination of Dr. Lisa Hope is critical to the ends of justice.

In Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354 (2004), the U.S. Supreme Court ruled that, "The…Confrontation Clause…applies to 'witnesses' against the accused -- in other words, those who 'bear testimony.'" 2 N. Webster, An American Dictionary of the English Language (1828). Crawford, supra, at 541 U.S. at 50, 124 S.Ct. at 1364.

Justice Scalia, for a 7-member majority, ruled that:

> "Where testimonial statements are involved, we do not think the Framers meant to leave the Sixth Amendment's protection to the vagaries of the rules of evidence, much less to amorphous notions of 'reliability'. Certainly none of the authorities discussed above acknowledges any general reliability exception to the common-law rule. Admitting statements deemed reliable by a judge is fundamentally at odds with the right of confrontation. To be sure, the Clause's ultimate goal is to ensure reliability of evidence, but it is a procedural rather than a substantive guarantee. **It commands, not that evidence be reliable, but that reliability be assessed in a particular manner: by testing in the crucible of cross-examination. The Clause thus reflects a judgment, not only about the desirability of reliable evidence (a point on which there could be little dissent), but about how reliability can best be determined. Cf. 3 Blackstone, Commentaries, at 373 ("This open examination of witnesses ... is much more conducive to the clearing up of truth"); M. Hale, History and Analysis of the Common Law of England 258 (1713) (adversarial testing "beats and bolts out the Truth much better").** (emphasis added) Crawford, supra, at 541 U.S. at 61, 124 S.Ct. at 1370.

Section 17(c) of the Federal Rules of Criminal Procedure provide that:

> **"(c) Producing Documents and Objects.**
>
> **(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them."

Applying these rules in Welsh v. United States, 404 F.2d 414, 417-18 (1968), Judge Rives, on behalf of a unanimous panel, reversed Welsh's conviction. He determined that:

> "The breadth of the discretion to be exercised by the trial court…is considerably narrowed by two [C]onstitutional rights of the defendant: (1) the Sixth Amendment right 'to have compulsory process for obtaining witnesses in his favor'; and (2) the Fifth Amendment right to protection against unreasonable

discrimination which means that, as between those financially able and those financially unable to pay the fees of the witness, there should be no more discrimination than is necessary to protect against abuse of process."

See Taylor v. United States, 329 F.2d 384, 386, (5th Cir. 1964), Coppedge v. United States, 369 U.S. 438, 447, 82 S.Ct. 917 (1962), and Greenwell v. United States, 317 F.2d 108 (D.C. Cir. 1963).

"If the accused avers facts which, if true, would be relevant to any issue in the case, the requests for subpoenas must be granted, unless the averments are inherently incredible on their face, or unless the Government shows, either by introducing evidence or from matters already of record, that the averments are untrue or that the request is otherwise frivolous."

Greenwell v. United States, supra, at 110.

In this case, per Welsh, Defendant Angela Armstrong's indigency must not handicap her right to access the full measure of her Constitutional rights. In this case, Defendant Angela Armstrong avers facts that are undeniably relevant.

In Sinclair v. Wainright, 814 F.2d 1516, 1522-23 (11th Cir. 1987), the Eleventh Circuit held that, "…[I]f the challenged testimony is crucial, critical or highly significant, failure to conduct an appropriate competency hearing implicates due process concerns of fundamental fairness.".

In Davis v. Alaska, 415 U.S. 308,315-16 94 S.Ct. 1105,1110 (1974), the U.S. Supreme Court ruled that:

"The main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination. The opponent demands confrontation, not for the idle purpose of gazing upon the witness, or of being gazed upon by him, but for

> the purpose of cross-examination, which cannot be had except by the direct and personal putting of questions and obtaining immediate answers. 5 J. Wigmore, Evidence s 1395, p. 123 (3d ed. 1940)
>
> …
>
> Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested….A more particular attack on the witness' credibility is effected by means of cross-examination directed toward revealing possible biases, prejudices, or ulterior motives…".

In Dubberley v. McDonough, 2007 WL 628115 (N.D. Fla. February 23, 2007), the Eleventh Circuit stated:

> Cross-examination is constitutionally adequate as long as a defendant is permitted to elicit sufficient information from which (1) the…[judge]… can gauge credibility, motive[,] and bias and (2) his counsel is able to argue to the…[judge]… how the witness might have been biased. United States v. Van Dorn, 925 F.2d 1331, 1335 (11th Cir.1991); United States v. Sellers, 906 F.2d 597, 602 (11th Cir.1990); Bundy v. Dugger, 850 F.2d 1402 (11th Cir.1988), cert. denied, 488 U.S. 1034, 109 S.Ct. 849, 102 L.Ed.2d 980 (1989), Delaware v. Fensterer, 474 U.S. 15, 106 S.Ct. 292 (1985).

Consistent with the above precedents, Defendant Angela Armstrong would respectfully pray this Honorable Court to **GRANT** Defendant's Motion for an Independent Forensic Psychiatric Evaluation and Defendant's parallel Motion In Forma Pauperis for a Subpoena Duces Tecum.

RESPECTFULLY SUBMITTED THIS 7th DAY OF APRIL, 2008

_____
I.M. (Mike) Winter, Jr. (WIN036)
Attorney For Ms. Angela Armstrong

Suite 300-A; 300 Water Street
Montgomery, Alabama 36104
(334)263-5787
MikeWinter@WinterLegal.net

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of this memorandum, by in-hand delivery, upon Mr. Christopher Snyder, Esquire, Assistant United States Attorney, for the United States of America.

DONE THIS 7th DAY OF APRIL, 2008

_____
I.M. (Mike) Winter, Jr.   (WIN036)
Attorney For Ms. Angela Armstrong