# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | <> |
| | <> |
| v. | <> Case Number: 2:06- |
| | <> cr-103-WKW-CSC |
| | <> |
| ANGELA ARMSTRONG | <> |

## EXPEDITED NOTICE OF APPEAL TO THE DISTRICT COURT, CONCERNING THE MAGISTRATE JUDGE'S RECOMMENDATION AND MOTION TO STAY

On April 8, 2008, the Honorable Court below denied Defendant Angela Armstrong's Motions for an Independent Forensic Psychological Evaluation, for Funds for an Independent Forensic Psychological Evaluation, and the issuance of an In Forma Pauperis Subpoena Duces Tecum. Defendant Armstrong, pursuant to 28 U.S.C. §636(b)(1)(a), respectfully petitions this Honorable Court to **VACATE** the Honorable Magistrate Court's ruling, and **GRANT** the above-referenced motions. With respect, the denial of Defendant's motions was clearly erroneous, and contrary to law.

Consistent with Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354 (2004), with Welsh v. United States, 404 F.2d 414, 417-418, (5th Cir. 1968), and with Rule 17(c) of the

<u>Federal Rules of Criminal Procedure</u>, Defendant Armstrong has a Constitutional right to the materials sought in the above motions. Defendant hereby incorporates by reference these three motions, as well as Defendant's Revised Memorandum of Applicable Legal Precedents. In support thereof, Defendant declares:

1. On February 28, 2008, this Honorable Court, on undersigned counsel's unopposed motion, ordered a mental evaluation for Defendant Armstrong. Dr. Lisa Hope of the Metropolitan Detention Center in Los Angeles, California conducted this examination.

2. Dr. Hope failed to complete her evaluation of Defendant Angela Armstrong by three separate target dates, one of which was established by the order of this Court.

3. In conversations with undersigned counsel on November 27, 2007, and December 12, 2007, she attributed this failure to her "overwhelming caseload". Counsel accepts the literal truth of her statements.

4. Defendant Armstrong's need for an independent forensic psychological evaluation has been established by Dr. David Ghostley.

5. Dr. Ghostley is a Board-certified professional, with an impeccable reputation. He has been appointed in his professional capacity on several occasions by the District

Courts for the Middle District of Alabama. He has regularly testified, and had his evaluations accepted by, the Courts of this jurisdiction.

6. Dr. Ghostley has recently agreed to analyze Dr. Hope's report, at no cost to this Defendant or to this Court.

7. Dr. Ghostley has now submitted a written review to counsel, identifying several inconsistencies and apparent errors in Dr. Hope's report.

8. Dr. Hope was not able to honor the order of this Court, as well as two verbal commitments to counsel. She attributed this delay, which Defendant believes was due to her good-faith claim of an "overwhelming caseload".

9. Defendant asserts that the undeniable disjunction between speed and quality may account for the errors noted by Ghostley.

10. Defendant's ability to Constitutionally confront Dr. Hope, relative to her report, requires access to the information Defendant has been seeking in the aforementioned subpoena duces tecum.

The United States must produce this evidence before trial, per the previously-referenced authorities. At that time, proof of any inconsistencies that could be adduced at this

point would necessitate some combination of relief or sanctions that could be more effectively avoided now. Deferring Defendant's access to this information, prior to her competency hearing, is therefore contrary to the principles of both justice and judicial economy.

Defendant Armstrong notes that this motion is being filed the morning before tomorrow afternoon's competency hearing. Defendant also notes that 28 U.S.C. §636(b)(1)(a) mandates this motion be filed within ten days, although this motion is being filed within two days.

Defendant finally notes that counsel originally sought an independent forensic psychological evaluation on February 28th of this year.

For almost one month after that motion was denied, counsel invested significant time researching the psychological issues in this case. In addition, counsel sought an uncompensated analysis of Dr. Hope's report by Dr. Ghostley. Shortly after receiving Dr. Ghostley's analysis, Counsel filed the underlying motions presently at issue. He did so on Friday, April 4, 2008. However, counsel's motions had to be re-filed earlier this week because of a computer communications malfunction between his computer,

on which all of these motions had been drafted -- using the same program, software, server, E-Mail program, and internet service provider -- and this Court's computer system.  On Friday, some users were able to open all of these documents, some could only open some, and some could not open any.  Ironically, some who could open none on Friday were able to open all on Monday.

Counsel must finally note that counsel has not opposed three consecutive motions for a continuance by the United States.

**WHEREFORE**, Defendant Angela Armstrong prays this Honorable Court to **GRANT** this Motion to **VACATE** the Magistrate Court's denial of the three motions referenced above, and to **GRANT** these motions.  Defendant further prays this Court to **STAY** these proceedings until the United States has provided this relief to Defendant Armstrong.

RESPECTFULLY SUBMITTED THIS 10th DAY OF APRIL, 2008

_____
**I.M. (Mike) Winter, Jr.** (WIN036)
Attorney For Ms. Angela Armstrong

Suite 300-A, 300 Water Street
Montgomery, Alabama  36104
(334)263-5787
MikeWinter@WinterLegal.net

**CERTIFICATE OF SERVICE**

I hereby certify that I have served this motion, by in-hand delivery, upon Mr. Christopher Snyder, Esquire, Assistant United States Attorney, for the United States of America.

DONE THIS 10th DAY OF APRIL, 2008

_____
**I.M. (Mike) Winter, Jr.**   (WIN036)
Attorney For Ms. Angela Armstrong