**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | <> |
| | <> |
| v. | <> Case Number: 2:06- |
| | <> cr-103-WKW-CSC |
| | <> |
| ANGELA ARMSTRONG | <> |

**MOTION TO CONTINUE REPRESENTATION**

**COMES NOW** Defendant Angela Armstrong, by and through her undersigned counsel, respectfully petitioning this Honorable Court to **WITHDRAW** the order that it entered on April 15, 2008, discharging undersigned counsel. Defendant Armstrong's counsel declares that:

1. Counsel met with Defendant Armstrong yesterday evening for two hours, prior to learning of this Court's order, due to eight hours of trial preparation in another county.

2. At that time, Defendant restated her desire to have counsel continue as her attorney, and authorized counsel to conclude this case by accepting the deal offered before by the United States. Inasmuch as this Court has determined Defendant Armstrong to be competent, Defendant should be entitled to have her preference accepted.

3. Counsel has offered to resign, indicated to Defendant his need to resign and, at other times, independently drafted motions to resign. However, consistent with Defendant's express requests in each instance, counsel has chosen not to do so.

4. At this Court's competency hearing on April 11, 2008, counsel--during the extended colloquy permitted by this Court, indicated his need to resign if Defendant Armstrong rejected his advice to not testify. At that point, Defendant explicitly indicated: (A) that Defendant wished for counsel to continue his representation, (B) that Defendant would agree to not insist on testifying, and (C) that, for the first time in a conversation with counsel as opposed to comments to others, Defendant was willing to agree to the plea offer previously suggested by the United States.

5. Counsel had two objectives at that hearing. One objective was to challenge the report of Dr. Hope.

6. Counsel's second objective was to enable Defendant to better evaluate her legal position from a disinterested perspective.

7. At that hearing, counsel intended to impeach the report on the basis of its three main flaws.

8. First, Dr. Hope testified in support of her report's conclusion that Defendant Armstrong was completely capable

of competently assisting her counsel in her defense. Prior to Defendant Armstrong's transfer to the Metropolitan Detention Center (hereafter MDC), counsel had comprehensively explained the relevant legal terms and concepts in this matter. Further, counsel had Defendant confirm her understanding of these terms and concepts, on two different occasions. However, Defendant's responses in paragraph six on page 20, as well as in paragraph one on page 21, established her inability to retain an understanding of these terms and concepts.

Defendant Angela Armstrong's answers, relative to the meanings of "guilty", "not guilty by reason of insanity", the "plea bargain process" and the burden of proof were all wrong, notwithstanding Dr. Hope's concurrence.

"[G]uilty" requires a criminal intent for this crime, as well as a criminal act (E.G., "I did something"). "[N]ot guilty by reason of insanity" requires proof of a more precise standard. "[T]he plea bargain process" requires more than merely "accept[ing] what…[my]…attorney says.". Perhaps most significantly, the defense attorney is not required to "prove I'm not guilty".

Undersigned counsel believes that Defendant's inability to retain an understanding of these terms and concepts is part and parcel, sum and substance, of her inability to competently assist counsel.

9. Counsel notes that Dr. Hope testified that the MDC provided a safe environment for its patients, including the careful segregation of males and females. However, in paragraph three on page 16, Dr. Hope's own report details the fact that Dr. Hope prescribed birth control pills for Defendant Armstrong.

10. Finally, Dr. Hope's report details numerous actions by Defendant Armstrong that have -- and continue to have -- a substantially negative impact on Defendant's life. As counsel pointed out, even if Dr. Hope's conclusion as to Defendant's motivations is correct, such motivation would seem to be a consequence of Defendant's significant underlying mental impairment. Dr. David Ghostley has indicated this very cause for Defendant's self-defeating and counter-productive behavior.

11. Given the tenor of last Friday's hearing, counsel made the decision to forego much of the above, due to the effectiveness of Dr. Hope's testimony and due to counsel's determination that the above would not be persuasive arguments before this Court.

Counsel understands this Honorable Court's interpretation of Defendant Angela Armstrong's actions. Counsel, having accrued hours in his representation of Defendant that will exceed even an expanded fee ceiling, understands the appeal

of surrendering this case to a very well-qualified colleague. However, counsel also believes that counsel has a duty and an obligation to conclude this matter. Counsel believes that given the idiosyncrasies of Defendant, counsel should now be able to conclude this case with less time and controversy than a colleague could.

**WHEREFORE,** Defendant Angela Armstrong prays this Honorable Court, pursuant to the desire that she expressed just last evening, to **WITHDRAW** its order appointing new counsel for Defendant Armstrong.

RESPECTFULLY SUBMITTED THIS 16th DAY OF APRIL, 2008

_____
**I.M. (Mike) Winter, Jr.** (WIN036)
Attorney For Ms. Angela Armstrong

Suite 300-A, 300 Water Street
Montgomery, Alabama  36104
(334)263-5787
MikeWinter@WinterLegal.net

## CERTIFICATE OF SERVICE

I hereby certify that I have served this motion, by in-hand delivery, upon Mr. Christopher Snyder, Esquire, Assistant United States Attorney, for the United States of America. I have also served a copy of this motion, by electronic mail, upon Mr. Russell Duraski, Esquire.

DONE THIS 16th DAY OF APRIL, 2008

_____
**I.M. (Mike) Winter, Jr.** (WIN036)
Attorney for Ms. Angela Armstrong